IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| REGINALD L. GROSS | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv279 |
| STEPHEN J. COX | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Reginald L. Gross, proceeding *pro se*, brings this lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Stephen J. Cox, Michelle S. Englade, Johnathan Clay Lee and Mark Terry. Defendant Cox was the United States Attorney for the Eastern District of Texas. Defendants Englade and Lee were Assistant United States Attorneys. Defendant Terry was a special agent with the Drug Enforcement Administration. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff states that on July 1, 2020, defendants Cox and Englade filed a criminal indictment under seal charging him with conspiring to possess a controlled substance with the intent to distribute. At plaintiff's initial appearance on November 9, Thomas William Kelley was appointed to represent plaintiff.

On November 13, 2020, Plaintiff was arraigned and a detention hearing was held. Plaintiff entered a plea of not guilty. The same day, a Scheduling Order, which included provisions concerning pretrial discovery and inspection of evidence, was entered. Mr. Kelley filed a motion to continue on December 18. He told plaintiff he filed the motion because the government had not provided him with discovery.

On January 14, 2021, defendants Cox and Englade filed an Unopposed Motion for Entry of Protective Order Governing Disclosure of Case Materials (the "Unopposed Motion"). In the certificate of conference filed with the motion, defendant Englade certified that on November 9,

2020, she had conferred with Mr. Kelley, who did not oppose the motion. In the motion's certificate of service, defendant Englade stated that a copy had been delivered to Mr. Kelley via email on January 14, 2021. The Unopposed Motion was subsequently granted.

Plaintiff alleges that the statement made by defendant Englade in the certificate of conference was false. He states he did not request appointed counsel until his arraignment on November 13. As a result, he asserts defendant Englade could not have conferred with Mr. Kelley about the Unopposed Motion on November 9. He states that he had not met Mr. Kelley on the date defendant Englade stated she conferred with him.

Plaintiff describes the protective order as an umbrella order, under which all discovery is predesignated as protected. He states that under the order, he was only allowed to view discovery materials in the presence of counsel and was not permitted to possess case materials outside the presence of counsel. He also asserts the protective order was filed under seal. Plaintiff states that as the protective order limited his access to case materials, the protective order and the methods used to obtain the order violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. § 3500(a).

Plaintiff alleges that on April 4, 2021, defendant Lee filed a Notice of Appearance in his criminal case.

Plaintiff asserts that from May, 2014, through October, 2017, defendant Terry was the lead agent in a criminal investigation. He states defendant Terry prepared a 94 page affidavit which resulted in a wiretap being authorized. Plaintiff alleges that during trial, defendant Terry admitted that agents failed to implement cell phone surveillance techniques known as pen registry and trap and trace. He states defendant Terry admitted during his testimony that a single drug transaction did not constitute a conspiracy. At the conclusion of the trial, plaintiff was found not guilty of the offense with which he was charged.

<u>Standard of Review</u>

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it:  (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.  A complaint is subject to dismissal for failure to state a claim if the plaintiff has failed to plead "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

<u>Analysis</u>

*Claims Against Defendants Cox, Englade and Lee*

Plaintiff alleges defendants Cox, Englade and Lee acted improperly in connection with his prosecution.  For the reasons set forth below, these defendants are entitled to absolute immunity.

Prosecutors are absolutely immune from liability with respect to actions taken by them while representing the government in judicial proceedings.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Actions taken by prosecutors in preparing for the initiation of judicial proceedings or for trial and which occur in the course of their role as an advocate for the government are entitled to the protections of absolute immunity.  *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994).  Prosecutors are entitled to absolute immunity even when they are alleged to have initiated or pursued a prosecution maliciously, wantonly or negligently.  *Rykers v. Alford*, 832 F.2d 895, 897 (5th ir. 1987).

Plaintiff's claims against defendants Cox, Englade and Lee are based on actions takn by them in connection with the initiation and prosecution of plaintiff's criminal case.  Defendants Cox, Englade and Lee are therefore entitled to absolute prosecutorial immunity.

*Claims Against Defendant Terry*

Plaintiff alleges defendant Terry subjected him to malicious prosecution and violated his rights under the Fourth Amendment.  As explained below, plaintiff may not pursue these claims in a *Bivens* action.

A.  <u>Disfavored Judicial Activity</u>

The Supreme Court recently restated that expanding causes of action under *Bivens* is "a 'disfavored' judicial activity."  *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (quoting *Ziglar v.*

*Abbasi*, 137 S. Ct. 1843, 1857 (2017)). Separation-of-powers principles are central to the analysis of whether *Bivens* should be expanded. The question is whether Congress or the courts should authorize a damages lawsuit. *Abbasi*, 137 S. Ct. at 1857. Mindful of separation-of-powers interests, the Court developed a two-part test. *Id*. at 1859-60. First, a court must ask whether a plaintiff's claim falls into one of three existing *Bivens* causes of action. *Oliva v. Nivar*, 973 F.3d 438, 441 (5th Cir. 2020). Then, if a case does not fall into one of those causes of action, a court asks whether there are "special factors counseling hesitation" in extending the remedy available under *Bivens*. *Abbasi*, 137 S. Ct. at 1857. The special factors inquiry concentrates on "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1858. These factors include whether Congress has legislated on the right at issue. *Id*. "[I]f there is an alternative remedy structure present in a certain case," the existence of that process "alone may limit the power of the judiciary to infer a new *Bivens* cause of action." *Id*. Courts are also to consider separation-of-powers concerns. *Hernandez v. Mesa*, 885 F.3d 811, 818 (5th Cir. 2018) (*en banc*). "[T]he only relevant threshold–that a factor counsels hesitation–is remarkably low." *Id*. at 823.

The three existing *Bivens* causes of action are as follows:

(1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90, 91 S. Ct. at 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman,* [442 U.S. 228 (1979)]; and (3) failure to provide medical attention to an asthmatic person in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, [446 U.S. 14 (1980)].

*Oliva*, 973 F.3d at 442. "Virtually everything else is a 'new context,'" *Id*. (quoting *Abbasi*, 137 S. Ct. at 1865), because a case needs only be "different in [one] meaningful way from previous *Bivens* cases" for the "context [to be] new." *Abbasi*, 137 S. Ct. at 1859. "[E]ven a modest extension [of *Bivens*] is still an extension." *Abbasi*, 137 S. Ct. at 1864. Since *Carlson*, the Supreme Court has consistently rejected "every *Bivens* claim presented to it." *Cantu v. Moody*, 933 F.3d, 414, 421 (5th Cir. 2019).

B. Application

1. Malicious Prosecution

Plaintiff alleges defendant Terry subjected him to malicious prosecution.  However, the United States Court of Appeals for the Fifth Circuit has held that *Bivens* does not provide a vehicle for claims of malicious prosecution.  *Id*.  As a result, plaintiff's allegations regarding malicious prosecution fail to state a claim upon which relief may be granted.

2. Fourth Amendment

Plaintiff also alleges defendant Terry obtained evidence against him in violation of the Fourth Amendment.

*Bivens* itself involved a Fourth Amendment claim.  The plaintiff there alleged law enforcement officers manacled him in front of his family and conducted a strip search, both in violation of the Fourth Amendment.  Here, plaintiff alleged defendant Terry, as a result of unlawfully obtaining a wiretap authorization, violated the Fourth Amendment.  Plaintiff, unlike the plaintiff in *Bivens*, does not allege defendant Terry entered his home and forcibly searched him.  Instead, plaintiff alleges defendant Terry improperly conducted electronic surveillance.  The only similarity between the allegations in this case and those in *Bivens* is that both cases are based on violations of the Fourth Amendment.  Courts do not define a *Bivens* cause of action at the level of the Fourth Amendment or even at the level of the unreasonable searches and seizures clause.  *Id*. at 422.  As a result, as even a modest extension of *Bivens* still constitutes an extension, plaintiff's claims arise in a different context than those asserted in *Bivens*.

In light of the conclusion that this case presents a new *Bivens* context, it must be determined whether there are special factors counseling hesitation in extending *Bivens* to this context.  Here, at least one such factor exists: the presence of an alternative remedy structure.  Title 5 U.S.C. § 413(b)(2) authorizes inspectors general to investigate allegations of criminal wrongdoing or administrative misconduct by an individual like defendant Terry who is employed by the Department of Justice.  *Mays v. Yarbrough*, No. 22-2403, 2024 WL 198996, at *4 (D. Minn. Jan.

18, 2024); *Arias v. Herzon*,  680 F. Supp. 3d 61, 68 (D.N.H. 2023).  As long as Congress or the Executive has created a remedial process that it finds sufficient "to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Egbert v. Boule*, 596 U.S. 482, 498 (2022).  The existence of even one special factor counseling hesitation requires that a court refrain from an expansion of *Bivens*.  *Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020).

As plaintiff's Fourth Amendment claim arises in a new *Bivens* context, and as there is a special factor counseling hesitation regarding the expansion of the *Bivens* remedy, this claim may not be brought pursuant to *Bivens*.  The Fourth Amendment claim therefore fails to state a claim upon which relief may be granted.

<u>Recommendation</u>

This *Bivens* lawsuit should be dismissed for seeking monetary relief from defendants immune from such relief and for failure to state a claim upon which relief may be granted.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 7th day of June, 2024.

Zack Hawthorn
United States Magistrate Judge

6