|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

REGINALD L. GROSS, §
§
    Plaintiff, §
§
versus § CIVIL ACTION NO. 1:23-CV-279
§
STEPHEN J. COX, et al., §
§
    Defendants. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Reginald L. Gross, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, (1971), against Stephen J. Cox, Michelle S. Englade, Jonathan Clay Lee and Mark Terry. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the case be dismissed for seeking monetary relief from defendants immune from such relief and for failure to state a claim upon which relief may be granted.

In his Report and Recommendation, the magistrate judge concluded that defendants Cox, Englade and Lee, as prosecutors, were entitled to absolute immunity. The magistrate judge further concluded plaintiff's malicious prosecution claim against defendant Terry could not be asserted under *Bivens*.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. After careful consideration, the court is of the opinion plaintiff's objections are without merit. Plaintiff continues to assert that defendants Cox, Englade and Lee acted

improperly while prosecuting him.  Plaintiff does not, however, contest the magistrate judge's conclusion that their actions were taken in connection with the initiation and prosecution of plaintiff's criminal case.  These defendants are therefore entitled to absolute immunity.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  With respect to the malicious prosecution claim against defendant Terry, plaintiff states that in order to establish a claim for malicious prosecution, he is not required to show the prosecution ended with some affirmative indication of innocence. In his Report, however, the magistrate judge did not state that an affirmative indication of innocence was required.  Instead, the magistrate judge concluded that the remedy provided by *Bivens* should not be expanded to include a claim for malicious prosecution.  The court agrees with this conclusion.  *Cantu v. Moody*, 933 F.3d 414, 421 (5th Cir. 2019).

## ORDER

Accordingly, the objections filed by plaintiff in this matter (#23) are **OVERRULED**.  The findings of fact and conclusions of law set forth in the report of the magistrate judge (#17) are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment shall be entered in accordance with the recommendation of the magistrate judge.

SIGNED at Beaumont, Texas, this 27th day of June, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE